UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re CHARLES EDWARD TAYLOR, II, ) | |
| ) | Chapter 11 |
| Debtor. ) | No. 12-16471 |
| ──────────────────────────────── ) | ────────────── |
| ) | |
| PATRICIA J. CAIARELLI, as Guardian, ) | 16 C 11502 |
| ) | |
| Plaintiff-Appellant, ) | Judge Gary Feinerman |
| ) | |
| vs. ) | Appeal from: No. 12 A 1188 |
| ) | |
| CHARLES E. TAYLOR, II, Debtor, ) | |
| ) | |
| Defendants-Appellee. ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

Patricia Caiarelli, acting as guardian for her minor son, sought relief under Federal Rule of Civil Procedure 60(b)(6) from a 2013 bankruptcy court order dismissing for lack of standing her adversary proceeding against the debtor, Charles Taylor II ("Taylor"). Docs. 1, 1-4. The bankruptcy court denied Caiarelli's motion, and she appeals. Doc. 1. The bankruptcy court's judgment is affirmed.

**Background**

Except where noted, the background is taken from the bankruptcy court's opinion, *Caiarelli v. Taylor (In re Taylor)*, No. 12 A 1188 (Bankr. N.D. Ill. Oct. 12, 2016) (reproduced at Doc. 1-4).

In 2005, William Ross Taylor ("William")—Taylor's brother and Caiarelli's ex-husband—died in a boating accident. Caiarelli's and William's minor son, Alexander, was the primary beneficiary of William's estate. Taylor was, initially, the estate's personal representative; he was later replaced by Michael Longyear.

1

In 2006, on Alexander's behalf, Caiarelli sued Taylor in Washington state court, alleging that he misappropriated from the estate funds intended for Alexander. The case proceeded to a jury trial, after which, in December 2011, the state court awarded the estate a $1.4 million judgment. On April 3, 2012, Longyear executed a document on the estate's behalf that purported to assign the state court judgment to Caiarelli for collection.

Three weeks later, on April 23, 2012, Taylor filed for Chapter 11 bankruptcy. On July 31, 2012, Caiarelli commenced this adversary proceeding against Taylor. Caiarelli sought, essentially, a finding that Taylor's judgment debt to the estate was non-dischargeable and a ruling that Alexander was entitled to some of Taylor's property.

Taylor moved to dismiss the adversary proceeding on the ground that Caiarelli lacked standing to enforce the state court judgment. Taylor argued that Caiarelli had failed to prove that the judgment was actually assigned to her, pointing to a letter from the state judge questioning whether Caiarelli had completed all the steps necessary to effectuate the assignment. After reviewing the state judge's letter and hearing argument on its significance, Doc. 10 at 286-322, the bankruptcy court held that Caiarelli had failed to establish her standing to bring the adversary proceeding and dismissed it on March 20, 2013. *Id*. at 254, 322-329. The dismissal order was docketed the next day, March 21. Doc. 5-2 at 13. Caiarelli did not appeal the dismissal to the district court, nor did she move the bankruptcy court for reconsideration.

Instead, Caiarelli returned to the Washington state court, where she filed a motion to ratify the estate's attempted assignment to her of its judgment against Taylor. The motion was granted, and the state court entered an order ratifying the assignment on the morning of April 2, 2013, retroactive to the date of the assignment's execution. Doc. 12 at 98. Caiarelli's decision to obtain the ratification order set off a kerfuffle back in the bankruptcy court; two days later, on

2

April 4, Taylor moved for sanctions, contending that Caiarelli's state court motion violated both the statutory discharge and plan injunctions then in effect. Doc. 15 at 262. The bankruptcy court granted the motion after an evidentiary hearing and entered a civil contempt order against Caiarelli and her attorneys, which led to monetary sanctions and vacatur of the ratification order.

Caiarelli appealed the contempt order; the district court reversed the order and, on further appeal, the Seventh Circuit affirmed the district court. *See In re Taylor*, 793 F.3d 814 (7th Cir. 2015). In relevant part, the Seventh Circuit held that Caiarelli's seeking the ratification order was neither an impermissible attempt to collect a debt covered by the statutory discharge and plan injunctions, *id*. at 819-21, nor an impermissible "collateral attack" on the bankruptcy court's dismissal order, *id*. at 821-22, but rather simply an effort to "muster additional evidence" in preparation for bringing a Rule 60(b) motion in the bankruptcy court—which would be, the Seventh Circuit added, a permissible means by which to seek to undo the judgment, *id*. at 821. But the Seventh Circuit cautioned:

> The bankruptcy court retains exclusive jurisdiction to determine whether Caiarelli has standing to pursue the adversary proceeding against Taylor. Upon receipt of the ratification order, the bankruptcy court is free to take it, leave it, or otherwise do with it what it pleases. *See also McCormick*, 230 F.3d at 327 (a court's decision to reinstate a case under Rule 60(b) amounts to "discretion piled on discretion.") (internal quotation marks and citation omitted). As Appellees' counsel aptly noted at oral argument, the road to collection is an 'uphill battle.'

*Id*. at 822 (citation omitted).

Undaunted, Caiarelli commenced the charge. She first returned to Washington state court and, on October 9, 2015, secured reinstatement of the ratification order. More than four months later, on February 18, 2016, Caiarelli moved the bankruptcy court for relief from the dismissal order under Rule 60(b)(6), a catchall provision under which a party may, "[o]n motion and just

3

terms," obtain relief from a judgment for "any other reason that justifies relief." *See* Fed. R. Bankr. P. 9024 (incorporating Civil Rule 60(b)).

The bankruptcy court denied relief, reasoning that Caiarelli was merely rehashing the legal merits of the long-final dismissal order, Doc. 1-4 at 7-8; failed to show the sort of rare and extraordinary circumstances that merit Rule 60(b)(6) relief, *id*. at 8-9; had "elected not to pursue a number of readily available legal options that would have preserved her standing arguments and obviated the need to file a Rule 60(b) motion," *id*. at 9-10; and had no good excuse for the nearly three-year delay between entry of the dismissal order and her Rule 60(b)(6) motion—especially the four months that passed between the revival of the ratification order in October 2015 and her filing of the Rule 60(b)(6) motion in February 2016, *id*. at 10. Finally, the bankruptcy court rejected Caiarelli's invitation to grant the motion based on a balancing of the equities, explaining that such balancing was impermissible on a Rule 60(b) motion and that, regardless, any harm to Alexander was "a direct consequence of the litigation decisions made by Ms. Caiarelli and her attorneys to allow the Dismissal Order to become final." *Id*. at 11.

## Discussion

The sole question on appeal is whether the bankruptcy court abused its discretion in denying Caiarelli's Rule 60(b) motion. Rule 60(b) states:

> On motion and just terms, [a] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud … , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

4

>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

As noted, Caiarelli invokes only the sixth, catchall prong.

"[R]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009); *see also Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014); *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012). Relief under Rule 60(b)(6) is more extraordinary still. *See Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997) (calling Rule 60(b)(6) an "even more highly circumscribed exception in [a] rule already limited to exceptional circumstances"); *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) ("In a rule already limited in application to extraordinary circumstances, proper resort to th[e] 'catch all' provision is even more highly circumscribed."). The burden is on the movant to establish that hers are the exceptional circumstances that clear the bar. *See Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015); *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015). And on an appeal from the denial of a Rule 60(b)(6) motion, the court reviews for abuse of discretion only—meaning the universe of cases that will qualify for relief on appeal is tinier still. *See Neuberg*, 123 F.3d at 955 ("[B]oth the Supreme Court and [the Seventh Circuit] have been perfectly clear that the matter lies within the sound discretion of the [lower] court … and that an appellate court will rarely disturb a [lower] court's decision on this kind of motion.").

Most circumstances that qualify for Rule 60(b) relief involve "factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). That is especially true of the Rule 60(b)(6) catchall.

5

*See Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004) (explaining that Rule 60(b)(6) usually applies only if "there is just no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry"). At a minimum—to have even a puncher's chance of meeting this standard—a Rule 60(b)(6) motion must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1); *see Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006); *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) ("Although there is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion, we look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties.") (internal quotation marks and brackets omitted); it may not be premised on a mere legal error, *see Gleash*, 308 F.3d at 761 ("[L]egal error is not a proper ground for relief under Rule 60(b)."); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for such a motion. In fact it is a forbidden ground … ."); and—dispositive here—it "cannot be used to make arguments that could have been raised on appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e)." *Gray v. Advocate Health & Hosps. Corp.*, 442 F. App'x 236, 237 (7th Cir. 2011); *see also Trepanier v. City of Blue Island*, 364 F. App'x 260, 263 (7th Cir. 2010) ("A litigant may not use Rule 60(b) to challenge errors that could have been brought in an appeal from the underlying judgment. [The plaintiff] challenged only the district court's reasoning in the underlying judgment, errors that could have been raised in a timely appeal, and therefore the court properly denied the motion."); *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) ("[T]he grounds for setting aside a judgment under [Rule 60(b)] must be something that could not have been used to obtain a

6

reversal by means of a direct appeal."); *Gleash*, 308 F.3d at 761 ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal. What Gleash really wants is to take a long-delayed appeal from the district judge's initial order, using Rule 60(b) to reopen the window. That is not a proper use of the rule … ."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."); *Neuberg*, 123 F.3d at 955 ("[A] motion under Rule 60(b)(6) is not a substitute for a timely motion in the district court to reconsider or a timely appeal … .").

      Caiarelli contends, contrary to the cases just cited, that the failure to pursue a timely appeal or seek reconsideration on the issue in question does *not* foreclose relief under Rule 60(b)(6), citing *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999 (7th Cir. 1971), for support. Doc. 6 at 19; Doc. 17 at 17-19. But *Brennan* is distinguishable; the movants there were unnamed, absent class members at the time judgment was entered against them, and so had a valid excuse for failing to seek redress sooner. *See Brennan*, 450 F.2d at 1003-04. Moreover, the movants in *Brennan* invoked not only the Rule 60(b)(6) catchall on which Caiarelli exclusively relies, but also Rule 60(b)(4), *id*. at 1001, which helped tip the balance in their favor, *id*. at 1003 (granting relief in part because "it is at least arguable that the dismissal of movants' claims is void"). Indeed, the passage from *Brennan* on which Caiarelli relies actually states the very rule she contends does not exist: "*While Rule 60(b) is not a substitute for an appeal* and the finality of judgments ought not be disturbed except on very narrow grounds, a liberal construction should be given the rule to the end that judgments which are void or are vehicles of injustice not be left standing." *Brennan*, 450 F.2d at 1003 (emphasis added).

7

Caiarelli also cites *Local 332, Allied Industrial Workers of America v. Johnson Controls, Inc.*, 969 F.2d 290 (7th Cir. 1992), for the proposition that there is no "inflexible" rule against a party's obtaining Rule 60(b) relief when it could have but did not appeal. Doc. 17 at 17 (quoting *Local 332*, 969 F.2d at 292)) (emphasis omitted). That case is even less helpful to her. In *Local 332*, the Seventh Circuit denied Rule 60(b) relief in large part because the movant had previously "elected not to pursue an appeal." 969 F.2d at 292 (emphasis added). *Local 332* just supports the unremarkable proposition that, in rare circumstances, a party may obtain Rule 60(b) relief even if it *did* not appeal, but that relief is unavailable if the party reasonably *could have* appealed but did not. *Ibid*.

Caiarelli has no excuse for not pressing her arguments against the bankruptcy court's dismissal order either in a Rule 59(e) motion or through an appeal. The bankruptcy court's order dismissing her adversary proceeding for lack of standing, docketed on March 21, 2013, was an appealable final judgment. *See United States v. Peel*, 595 F.3d 763, 769 (7th Cir. 2010) ("[T]he dismissal of an adversary proceeding is an appealable final order even though the bankruptcy case continues."). Under the Bankruptcy Rules, entry of that order started a fourteen-day clock for Caiarelli to file either a Civil Rule 59(e) motion for reconsideration or a notice of appeal. *See* Fed. R. Bankr. P. 8002(a)(1) (requiring a notice of appeal to be filed "within 14 days after the entry of the judgment, order, or decree being appealed"); Fed. R. Bankr. P. 9023 (allowing Civil Rule 59 motions to be brought "no later than 14 days after entry of judgment"). The effective date of the dismissal order was March 21, 2013, so Caiarelli had until April 4, 2013 to pursue either avenue of relief. *See* Fed. R. Bankr. P. 9021 ("A judgment or order is effective when entered under Rule 5003."). Crucially, the Washington state court issued the ratification order on the morning of April 2—when Caiarelli still had more than two days left to make arguments

8

based upon that order to the bankruptcy court in a timely Rule 59(e) motion, or to press them in an appeal to the district court, or, at a minimum, to request an extension from the bankruptcy court of the deadline to file a notice of appeal. *See* Fed. R. Bankr. P. 8002(d)(1)(A) ("[T]he bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed … within the time prescribed by this rule."). So Caiarelli could have invoked the ratification order as a ground for relief in either a timely appeal or a timely motion for reconsideration. And the ratification order is the only new piece of information to arise since the entry of the dismissal order, as Caiarelli admits in making it the cornerstone of her Rule 60(b) motion. Doc. 17 at 7-8 ("The fact that was discovered post entry of the order dismissing the Adversary Proceeding was the Washington Court Ratification Order … .").

    Caiarelli's primary justification for not pursuing reconsideration or appeal is that Taylor's contempt motion in the bankruptcy court "had the practical effect of stopping [her] ability to address the Dismissal Order." Doc. 6 at 10. In essence, she contends that from the time Taylor filed his contempt motion until she secured reversal of the bankruptcy court's contempt order, she was not free to contest the dismissal of her adversary proceeding. Doc. 6 at 10-11; *see also* Doc. 17 at 14 ("The Rule 60(b)(6) motion had to wait on the Ratification Order which in turn had to wait on the contempt and sanctions order to be reversed [and] then for such reversal to be upheld by the Seventh Circuit."). This argument has at least two fatal flaws. First, Caiarelli offers no authority for the proposition that contempt proceedings in the bankruptcy case foreclosed her ability to appeal the dismissal order—and there is no apparent reason why they would have. The statute establishing Caiarelli's right to appeal from a bankruptcy court order, 28 U.S.C. § 158(a), contains no such exception. And Caiarelli points to no case in which the act of challenging the dismissal of an adversary proceeding was held to violate an injunction in the

9

bankruptcy proceeding or was otherwise held to be contemptuous. Second, even granting Caiarelli's incorrect premise that the contempt motion's pendency somehow precluded her appealing the dismissal order, her argument would still fail, because Taylor did not file his contempt motion until April 4—two days *after* the ratification order was entered, and the day on which the dismissal order was set to become final.

Perhaps Caiarelli had an inkling that the contempt motion was in the works, and that made her gun-shy about invoking the ratification order on appeal or in a reconsideration motion. Even if so, that is not a good reason for not appealing or seeking reconsideration. Caiarelli already had crossed the Rubicon when she obtained the ratification order, and it is unclear how much additional fodder actually using that order would have given Taylor's contempt motion. So even if Caiarelli and her attorneys opted not to seek relief from the dismissal order based upon the ratification order because they anticipated the contempt proceedings and did not want to weaken their hand, that was a strategic choice—and a dubious one at that. Rule 60(b) is not a vehicle for attorneys to take mulligans on strategic mistakes. *See Eskridge v. Cook Cnty.*, 577 F.3d 806, 810 (7th Cir. 2009) ("Since counsel made a deliberate, strategic choice to dismiss the federal lawsuit and proceed against Cook County in state court, counsel's incorrect assessment of the consequences of that choice did not compel relief under Rule 60(b).") (internal quotation marks omitted); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (denying Rule 60(b) relief because "when a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect").

In her reply brief, Caiarelli falls back to arguing that, because the bankruptcy court's contempt order required her to vacate the ratification order, that vacatur eventually "would have terminated any Rule 59(e) motion or appeal." Doc. 17 at 16. There is no way to know if that is

how the appeal or reconsideration motion would have played out, since she did not pursue either option. And Caiarelli provides no support for the proposition that a Rule 60(b)(6) movant is excused from pursuing other avenues of relief solely because those avenues might later prove futile. That is for good reason; whatever else *might* have happened in Caiarelli's hypothetical, we already know all we need to do about what *did* happen. When the sun rose on April 3, 2013, and again on April 4, Caiarelli had a valid ratification order in hand, no contempt proceedings were underway, and yet she still did not seek reconsideration of or appeal from the dismissal order. That conscious decision to forgo more conventional remedies is what bars her now, nearly three years later, from obtaining extraordinary relief under Rule 60(b). *See Gray*, 442 F. App'x at 237; *Trepanier*, 364 F. App'x at 263; *Kiswani*, 584 F.3d at 743; *Gleash*, 308 F.3d at 761; *Bell*, 214 F.3d at 801.

## Conclusion

For the forgoing reasons, the bankruptcy court's denial of Caiarelli's Rule 60(b)(6) motion is affirmed.

July 17, 2017 _____
United States District Judge

11